JOURNAL ENTRY AND OPINION
Defendant-appellant Kenneth Manson appeals from the trial court's determination that he is a sexual predator pursuant to R.C. 2950.09. In 1985, the appellant pled guilty to two counts of rape in violation of R.C. 2907.02 and was sentenced to concurrent terms of five to twenty-five years incarceration. On May 3, 1999, the state made a request for a determination of the appellant's sexual predator status.
On June 3, 1999, the trial court held a hearing to determine the sexual predator classification pursuant to R.C. 2950.09. At the hearing, the court indicated that the appellant's institutional record and the pre-sentence report were present and available for inspection for either party. The court overruled the appellant's motion to dismiss which was based on the constitutionality of R.C. 2950. The appellant placed in evidence the institutional record (T. 15). The prosecutor read into the record, portions of the victim's police statement. The appellant then took the stand on his own behalf.
On June 18, 1999, the trial court found the appellant to be a sexual predator, finding:
 Upon due consideration of the evidence presented at hearing, the pre-sentence report and institution file, the Court finds the following facts to be pertinent:
 1) defendant was convicted of two (2) counts of rape, a sexually oriented offense;
 2) the crime was particularly sadistic and brutal in that defendant and two (2) acquaintances, for several hours, repeatedly raped the victim vaginally, anally and orally after having kidnaped her;
 3) the victim's rectum was injured and she contracted gonorrhea as a result of the assaults;
 4) although defendant was only 16 years old at the time, his conduct as described by the victim, was brutal, insensitive and that defendant took a leadership role in the events;
 5) while institutionalized, defendant has participated in some sex offender therapy as well as other programs;
 6) defendant was previously paroled and violated in 1992 for a violent incident involving a female acquaintance;
 7) further, defendant was disciplined by the institution in December 1996 for masturbating in front of a female officer;
 8) further, alcohol was involved in the original rape and defendant indicated, at hearing, that when he drinks alcohol, he sometimes has no control;
 9) further, defendant's last psychological evaluation in 1996 indicates that defendant's personality is consistent with individuals who commit crimes and violate the rights of others in an impulsive, self-centered manner.
Based on this evidence the trial court found, by clear and convincing evidence that: 1) appellant demonstrated a pattern of abuse in his sexual conduct with the victim and further that the appellant displayed and threatened cruelty to the victim; and, 2) the appellant continues to have difficulty in relationships with females and once released, may eventually have access to alcohol which he cannot control. These factors led the court to firmly believe that the appellant was likely to engage in one or more sexually oriented offenses in the future.
This court notes that while the institutional file contains more specific information regarding the appellant's parole violation, information regarding his conduct while in confinement, and the appellant's mental health diagnosis of antisocial personality disorder, the trial court has succinctly stated the pertinent facts.
The appellant has asserted four assignments of error.
The appellant's first assignment of error:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
The appellant asserts that the trial court lacked clear and convincing evidence that the appellant was likely to re-offend in the future. The appellant points out that the state failed to present any evidence at all, and has therefore failed to meet its burden of showing that the appellant will likely commit an offense in the future.
R.C. 2950.09(B) sets forth the factors the trial court must consider in making its determination:
 (B)(1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the sexually violent offense, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
This court has held that sworn testimony is but one avenue for demonstrating that an offender may or may not be a sexual predator. State v. Gray (March 4, 1999), Cuyahoga App. No. 72940, unreported. There is no statutory requirement that the state has to present evidence. State v. Delgado (April 22, 1999), Cuyahoga App. No. 73099, unreported.
In the case sub judice, a close review of the hearing transcript, the institutional file placed before the trial court by the appellant, and the court file, it is clear that the trial court did not err in finding the appellant to be a sexual predator. The record reveals that the appellant's conduct in prison has not been stellar, in particular, he masturbated in front of a female prison guard. In 1992, the appellant's violation of his probation involved the abuse of alcohol and violence towards a woman. The appellant was sixteen when he committed this heinous crime, he was impaired by both alcohol and drugs, he had one prior juvenile offense, he has a mental health diagnosis of antisocial personality disorder, and the nature of the kidnapping and rape were particularly brutal and cruel. There are clear and convincing indications in this record which show that the appellant will likely re-offend in the future.
The appellant's first assignment of error is overruled.
The appellant's second, third, and fourth assignments of error will be considered together:
 OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 OF THE OHIO CONSTITUTION, BECAUSE OHIO'S
CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
 THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A SEXUAL PREDATOR BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE 1 OF THE OHIO CONSTITUTION AS WAS HELD IN STATE V. WILLIAMS (FEB. 2, 1999), LAKE APP. NO. 97-L-191, UNREPORTED.
These assignments of error have been previously addressed by this court in State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported. In Goodall, this court overruled these assignments of error because substantially similar constitutional issues were raised and resolved in State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook (1999),83 Ohio St.3d 404; and State v. Ward (1999), 130 Ohio App.3d 551.
The appellants second, third, and fourth assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
JAMES M. PORTER, J., CONCURS;
ANNE L. KILBANE, J., CONCURS WITH SEPARATE CONCURRING OPINION.
 ___________________________________ JAMES D. SWEENEY, PRESIDING JUDGE